# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WACKENHUT CORP., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 05 C 6566 |
| | ) |
| LOCAL 1, SERVICE EMPLOYEES | ) |
| INTERNATIONAL UNION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Local 1 of the Service Employees International Union represents employees of Wackenhut Corporation who provide security services at a nuclear power plant in Dresden, Illinois. Local 1 asserted a grievance challenging Wackenhut's discharge of one of those employees, Tammy Nodine. An arbitrator sustained the grievance and ordered Wackenhut to reinstate Nodine and pay her lost wages. Wackenhut then filed suit in this Court seeking to vacate the arbitrator's decision, and Local 1 filed a counterclaim seeking enforcement of the decision. On July 17, 2006, the Court granted summary judgment in Local 1's favor and enforced the arbitrator's decision.

Local 1 has moved the Court under Federal Rule of Civil Procedure 11 to impose sanctions against Wackenhut on the ground that its challenge to the arbitration decision was baseless. Though the case is a close one, the Court denies Local 1's motion.

**Facts**

The Court begins by summarizing the facts from its decision granting summary judgment in favor of Local 1.

Wackenhut provides security services at the Dresden nuclear power plant in Morris, Illinois. Local 1 is a labor union that represents the security officers employed by Wackenhut.

The collective bargaining agreement between Wackenhut and Local 1 reserves to management the "right to discipline, suspend, or discharge employees for just cause." The CBA also permits Local 1 to file grievances to challenge management's decisions and provides that grievances are to be determined by an arbitrator. Under the CBA,

> [t]he award of such arbitrator shall be in writing and shall be final and binding upon the Employer, the Union, and the Security Officer involved. The arbitrator may consider and decide only the particular grievance presented in the written stipulation of the Employer and the Union and the arbitrator's decision shall be based solely upon the interpretation of the provisions of this Agreement. The arbitrator shall not have the right to amend, take away, modify, add to, change or disregard any of the provisions of this Agreement. In the event that an arbitrator shall determine that a Security Officer has violated an Employer rule, regulation, or policy for which said Security Officer was charged, the arbitrator shall not have the right to reduce, modify, or in any way alter the penalty assessed by the Employer.

Nodine's duties as a security officer included raising and lowering retractable vehicle barriers at the plant's entry gates. Wackenhut's procedures required officers to be "100 percent sure that the action to be taken is correct" before raising or lowering the barriers and advised officers that it treat failure to follow proper procedures as a "Level 1 incident," for which termination is a possible penalty.

On January 20, 2005, as a truck was entering the plant, Nodine received a radio call to lower the gate but hit the wrong button, raising the gate and, as a result, causing damage to both

the gate and the truck. Nodine reported the incident to management. She was subjected to drug and alcohol tests, which she passed. Nodine also prepared an incident report and submitted to an interview by her supervisor. Following several days of internal review, Wackenhut terminated Nodine on February 7, 2005.

Nodine filed a grievance with Local 1 on February 10, 2005. The arbitrator who heard the grievance ruled in favor of Nodine, finding that that Wackenhut lacked just cause for termination. He directed Wackenhut to reinstate Nodine to her former or equivalent employment and reimburse her lost wages.

## Discussion

Local 1 argues that Wackenhut lacked a colorable basis to challenge the arbitrator's award in court and filed suit only to delay enforcement of the arbitrator's decision, and that Wackenhut has a pattern of filing baseless challenges to arbitration awards. Wackenhut has not appealed the Court's ruling granting summary judgment in favor of Local 1 but contends that it had a colorable basis to challenge that decision.

Federal Rule of Civil Procedure 11(b) provides that an attorney's submission of a pleading, motion, or other paper to the court constitutes a certification that, based on reasonable inquiry, the document is not presented for an improper purpose, such as to harass or to cause unnecessary delay or needless increase in litigation costs, that the contentions made are warranted by existing law or a nonfrivolous argument for its modification, and that (in the case of a complaint like the one Wackenhut filed) the filer's allegations are or are likely to be supported by evidence. Fed. R. Civ. P. 11(b). A court may impose an appropriate sanction when Rule 11(b) is violated. Fed. R. Civ. P. 11(c).

The Court notes at the outset that although Local 1 seeks to impose sanctions on Wackenhut, the plaintiff in this case, Rule 11 provides for imposition of sanctions only on attorneys and unrepresented parties. The Court therefore treats Local 1's motion – which relies only on Rule 11 – as seeking imposition of sanctions on Wackenhut's attorneys.

"Rule 11 is intended only for exceptional circumstances." *Teamsters Local Union No. 430 v. Cement Express Inc.*, 841 F.2d 66, 68 (3d Cir. 1988). Additionally, "Rule 11 sanctions are appropriate regarding the initiation of a lawsuit only if the filing of the complaint constituted abusive litigation or misuse of the court's process." *Id*. In deciding whether Rule 11 sanctions are appropriate, district courts must "bear in mind that such sanctions are to be imposed sparingly." *Hartmax Corp. v. Abboud*, 326 F.3d 862 (7th Cir. 2003) (citing *Pac. Dunlop Holdings, Inc. v. Barosh*, 22 F.3d 113, 118 (7th Cir. 1994)).

Wackenhut's challenge to the arbitration decision involved a contention that the arbitrator had gone beyond the terms of the contract and applied his own notions of fairness. It is settled law that so long as a labor arbitrator has actually interpreted the applicable agreement, his interpretation is conclusive, and it does not matter if it was right or wrong. *Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1195 (7th Cir. 1987). On the other hand, an agreement to arbitrate disputes "does not vitiate judicial review of an arbitrator's decision." *Anheuser-Busch, Inc. v. Beer, Soft Drink, Water, Fruit Juice, Carbonic Gas, Liquor Sales Drivers*, 280 F.3d 1133, 1144 (7th Cir. 2002). The arbitrator's decision "must draw its essence from the collective bargaining agreement"; an arbitrator is "not free to dispense [his] own brand of industrial justice." *Id*.

The Court concluded that Wackenhut's challenge to the arbitrator's decision was lacking in merit, but we cannot say that the challenge was frivolous. Specifically, Wackenhut had a colorable argument that the contract's provision barring an arbitrator from "reduc[ing], modify[ing], or in any way alter[ing] the penalty assessed by the Employer" gave Wackenhut the final say on what sanction to impose on an employee. Certain language that the arbitrator used in his decision also allowed Wackenhut to construct a colorable argument that the arbitrator based his ruling on a sense of fairness – "his own brand of industrial justice" – rather than on an interpretation of the CBA. Though the Court did not read the arbitrator's decision that way, and ultimately concluded that the arbitrator had, in fact, interpreted the CBA, the Court cannot say that Wackenhut's contentions were frivolous.

Local 1 also argues that Wackenhut has a pattern of making unsustainable challenges to arbitration awards. Were Local 1 able to show this, the Court would not hesitate to impose sanctions. But Local 1 has not made the necessary showing. All it has established is that over a period of ten years, Wackenhut has filed four lawsuits challenging arbitration decisions, all of which it has lost. Local 1 has provided no basis to conclude that four cases represents anything more than a negligible proportion of all the arbitration decisions under the CBA (or any previous CBAs) over that time period.

Though the Court concludes that Wackenhut's counsel had a colorable basis for filing suit, Wackenhut's challenge to the arbitration award came relatively close to crossing the line between a fighting a losing cause, which does not necessarily entail a violation of Rule 11, and filing frivolous suit, which violates that Rule. Wackenhut and its legal counsel are cautioned that in the future, they must remain mindful of the fact that having entered into a collective

bargaining agreement with an arbitration clause, Wackenhut is "not . . . permitted to nullify the advantages to the union by spinning out the arbitral process unconscionably through the filing of meritless suits and appeals. For such conduct the law authorizes sanctions that [the] court will not hesitate to impose." *Dreis & Krump Mfg. Co. v. Int'l Ass'n of Machinists and Aerospace Workers, Dist. No. 8*, 802 F.2d 247, 255 (7th Cir. 1986).

**Conclusion**

For the reasons stated above, the Court denies Local 1's motion for sanctions [docket no. 41].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: December 26, 2006